## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSHUA F. PETER, ET AL., | **Superior Court Case No. <u>CV0426-18</u>** |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER** |
| | **RE PLAINTIFFS' MOTION** |
| FRANCIS GILL, ET AL., | **FOR RECONSIDERATION OF ITS** |
| | **OCTOBER 3, 2019 DECISION AND** |
| Defendants. | **ORDER** |

Plaintiffs move the Court to reconsider its October 3, 2019 Decision and Order granting Defendants partial summary judgment. Defendants Cyfred, Inc., Francis Gill, and Stephanie Mendiola oppose Plaintiffs' Motion. Opp'n (Nov. 12, 2019). Having considered the parties' arguments and applicable law, the Court DENIES IN PART and GRANTS IN PART Plaintiffs' Motion.

## I.   **PROCEDURAL HISTORY**

Plaintiffs' Motion for Reconsideration asks the Court to reconsider its October 3, 2019 Decision and Order on the bases that the Court failed to consider material facts presented to it, committed clear error, and that its decision was manifestly unjust. Mot. Reconsideration (Oct. 17, 2019). The Court's decision determined that Plaintiffs could not assert equitable estoppel or promissory estoppel claims against Cyfred and/or Gill as a matter of law and dismissed Plaintiffs' Seventh Count against Mendiola. Dec. and Order at 10, 12 (Oct. 3, 2019).

ORIGINAL

## II.  LAW AND DISCUSSION

A court may reconsider a prior order on the grounds of a manifest showing of a failure to consider material facts presented to it, where the court committed clear error, or if the decision was manifestly unjust. CVR 7.1(i); *Ward v. Reyes*, 1998 Guam 1 ¶ 10. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CVR 7.1(i).

Plaintiffs first argue that the Court failed to consider "three major misrepresentations that reasonably misled the Homeowners into believing that [Mendiola's] apparent title to their lots will be or was cleared...thus obviat[ing] any need to give any notice of a material breach." Mot. Reconsideration at 2. These three alleged misrepresentations are Gill's March 6, 2013 representation that Ms. Mendiola had already deeded all of her interests in the 15 lots to Cyfred, Gill's March 5, 2013 promise that Cyfred would obtain Mendiola's signature on the deeds and sign the deeds to Plaintiffs, and Gill's March 14, 2013 promise that Mendiola would "come into escrow shortly to sign the deed." Mot. Reconsideration at 3, 8.

Despite Plaintiffs' contention that the Court did not consider these three misrepresentations when deciding on the original motion, the Court references and weighs the impact of these misrepresentations several times in its decision and order. Dec. and Order at 4, 10. The Court therefore finds Plaintiffs have failed to demonstrate that the Court did not consider material facts presented to it and declines to reconsider its decision on this basis.

Plaintiffs next argue that the Court misapplied these misrepresentations to the relevant law, clearly erring and causing manifest injustice. They ask the Court to reconsider and find that they can assert equitable estoppel and promissory estoppel claims.

ORIGINAL

The Court granted Defendants summary judgment on Plaintiffs' assertion of equitable estoppel because it found that equitable estoppel does not qualify as a claim, Gill's alleged misrepresentations were promises not facts, and no genuine issue of material fact existed concerning the unreasonableness of Plaintiffs' reliance on Gill's misrepresentations. Plaintiffs are now relitigating the same issues, but the Court will still address one of their arguments as it solidifies the Court's prior decision.

In *Mobil Oil Guam, Inc.*, the Supreme Court of Guam cites favorably to California law and instructs that the party asserting equitable estoppel must rely upon the conduct to his injury. 2004 Guam 9 ¶ 24. "Under California law, equitable estoppel requires that... the party asserting the estoppel must **reasonably rely** on the conduct to his or her injury." *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1051–52 (9th Cir. 2008) (citing *Honig v. San Francisco Planning Dep't*, 25 Cal.Rptr.3d 649 (Cal.App.4th 2005) (emphasis added); *see also City of Long Beach v. Mansell*, 476 P.2d 423, 445 (Cal. 3d 1970) (en banc) ("We therefore hold that their reliance upon the conduct of the public entities was reasonable."). Plaintiffs argue that their reliance on Gill's alleged misrepresentations did not have to be reasonable, but the Court disagrees. Mot. Reconsideration at 5. As the Court found in its original decision, Plaintiffs could have submitted a Notice of Material Breach to preserve their rights and in fact did submit a Notice on other grounds. Relying on Gill's promises and failing to submit a Notice as the Settlement Agreement's closing date approached despite not having signed deeds from Mendiola in hand was therefore not reasonable. On this basis alone, the Court holds that Plaintiffs cannot assert equitable estoppel as a matter of law.

Plaintiffs also fail to demonstrate that the Court clearly erred in denying their promissory estoppel claims. As the Court previously held, because the parties "have an existing contractual

ORIGINAL

relationship which governs what each party must do to complete a full settlement of the Gill-Baza cases, the Settlement Agreement--and not side promises--governs the parties' rights and obligations." Dec. and Order at 12. Plaintiffs' assertion that no provision in the Settlement Agreement governs Gill's promise to have Mendiola come into escrow to sign the deeds is illogical. The Settlement Agreement concerns the parties' rights and obligations under the contract to give Plaintiffs clear title to their lots, which is exactly what this alleged "separate" promise concerns. If the parties wanted to change these obligations, they had to memorialize that change. Summary judgment remains appropriate on Plaintiffs' promissory estoppel claims.

Finally, Plaintiffs request that the Court apply the facts surrounding Mendiola's alleged April 2014 transfer of the lots to their Second Amended Complaint's Seventh Count and not only to their Sixth Count. They allege that although the Second Amended Complaint's Seventh Count "could have been drafted clearer...[its provisions] should be sufficient to give notice that such claims based on her April 2014 transfer have been included in the Seventh Count." Mot. Reconsideration at 16. Though Plaintiffs seem to have drafted their Seventh Count with the 2006 foreclosures in mind, as evidenced by paragraphs 96-98 and 100 only referencing the 2006 foreclosure sales and deeds, Guam follows a liberal, notice pleading requirement under Guam Rule of Civil Procedure 8(a). *Ukau v. Wang*, 2016 Guam 26 ¶ 33. Liberally read, Plaintiffs' Seventh Count, paragraphs 99 and 101, could provide Defendants with notice of Plaintiffs' Quiet Title Claims against Mendiola based on the alleged 2014 transfers. And although Defendants argue Plaintiffs did not comply with 21 GCA § 25112's requirements, the Court cannot decide on that issue on a motion for reconsideration of the Court's decision on summary judgment without more evidence. The Court therefore reinstates Plaintiffs' Seventh Count against Mendiola based on her alleged 2014 transfer of the 14 lots.



## III.    CONCLUSION

Because the Court did not commit clear error in granting summary judgment on Plaintiffs' equitable estoppel and promissory estoppel claims, the Court DENIES IN PART Plaintiffs' Motion for Reconsideration of the Court's October 3, 2019 Decision and Order. However, it GRANTS IN PART Plaintiff's Motion and reinstates Plaintiffs' Seventh Count against Mendiola with respect to allegations concerning the transfer of title to the 14 lots in 2014.

SO ORDERED this 14th day of January 2020.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

*[handwritten notation block]*
final hereto wa... plac...
court box of:
WONG
VAN DE VELD
Date: 1/14 Time 20
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Wayson W. S. Wong for Plaintiffs
Curtis C. Van de veld for Cyfred, Ltd., and Leonard Francis Gill, and Stephanie Mendiola

ORIGINAL